MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X

MIGUEL  ANGEL MALDONADO
JUAREZ , *individually and on behalf of others*
*similarly situated,*

                      *Plaintiff*,

             -against-

BUTTERFIELD CATERING INC.  (D/B/A
BUTTERFIELD KITCHEN), EVAN SCOTT
OBSTANZ , DIEGO DOE , CHRIS DOE , and
JOEL DOE ,

                      *Defendants.*

-------------------------------------------------------X

                                  **COMPLAINT**

                   **COLLECTIVE ACTION UNDER**
                       **29 U.S.C. § 216(b)**

                                 **ECF Case**

       Plaintiff Miguel Angel Maldonado Juarez ("Plaintiff Maldonado" or "Mr. Maldonado"),

individually and on behalf of others similarly situated, by and through his attorneys, Michael

Faillace & Associates, P.C., upon his knowledge and belief, and as against Butterfield Catering

Inc. (d/b/a Butterfield Kitchen), ("Defendant Corporation"), Evan Scott Obstanz, Diego Doe,

Chris Doe, and Joel Doe, ("Individual Defendants"), (collectively, "Defendants"), alleges as

follows:

## NATURE OF ACTION

       1.     Plaintiff Maldonado is a former employee of Defendants Butterfield Catering Inc.

(d/b/a Butterfield Kitchen), Evan Scott Obstanz, Diego Doe, Chris Doe, and Joel Doe.

2.       Defendants own, operate, or control a café and catering service, located at 346 E 92nd Street, New York, New York 10128 under the name "Butterfield Kitchen".

3.       Upon information and belief, individual Defendants Evan Scott Obstanz, Diego Doe, Chris Doe, and Joel Doe, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the café as a joint or unified enterprise.

4.       Plaintiff Maldonado was employed as a cook at the café located at 346 E 92nd Street, New York, New York 10128.

5.       At all times relevant to this Complaint, Plaintiff Maldonado worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for the hours that he worked.

6.       Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Maldonado appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.       Furthermore, Defendants repeatedly failed to pay Plaintiff Maldonado wages on a timely basis.

8.       Defendants' conduct extended beyond Plaintiff Maldonado to all other similarly situated employees.

9.       At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Maldonado and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

10.      Plaintiff Maldonado  now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938,

29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

11.     Plaintiff Maldonado seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Maldonado's state law claims under 28 U.S.C. § 1367(a).

13.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a café and catering service located in this district. Further, Plaintiff Maldonado was employed by Defendants in this district.

## PARTIES

*Plaintiff*

14.     Plaintiff Miguel Angel Maldonado Juarez ("Plaintiff Maldonado" or "Mr. Maldonado") is an adult individual residing in Bronx County, New York.

15.     Plaintiff Maldonado was employed by Defendants at Butterfield Kitchen from approximately October 1, 2018 until on or about December 15, 2019.

16.     Plaintiff Maldonado consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17.     At all relevant times, Defendants owned, operated, or controlled a café and catering service, located at 346 E 92nd Street, New York, New York 10128 under the name "Butterfield Kitchen".

18.     Upon information and belief, Butterfield Catering Inc. (d/b/a Butterfield Kitchen) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 346 E 92nd Street, New York, New York 10128.

19.     Defendant Evan Scott Obstanz is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Evan Scott Obstanz is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Evan Scott Obstanz possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Maldonado, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

20.     Defendant Diego Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Diego Doe is sued individually in his capacity as a manager of Defendant Corporation. Defendant Diego Doe possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Maldonado, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

21.     Defendant Chris Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Chris Doe is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Chris Doe possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Maldonado, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

22.     Defendant Joel Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Joel Doe is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Joel Doe possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Maldonado, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

23.     Defendants operate a café and catering service located in the Upper East Side section of Manhattan in New York City.

24.     Individual Defendants, Evan Scott Obstanz, Diego Doe, Chris Doe, and Joel Doe, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, or control significant functions of Defendant Corporation.

25.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

26.    Each Defendant possessed substantial control over Plaintiff Maldonado's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Maldonado, and all similarly situated individuals, referred to herein.

27.    Defendants jointly employed Plaintiff Maldonado (and all similarly situated employees) and are Plaintiff Maldonado's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

28.    In the alternative, Defendants constitute a single employer of Plaintiff Maldonado and/or similarly situated individuals.

29.    Upon information and belief, Individual Defendants Evan Scott Obstanz, Chris Doe, and Joel Doe operate Defendant Corporation as either an alter ego of  themselves and/or failed to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

> a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,
>
> b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,
>
> c)  transferring assets and debts freely as between all Defendants,
>
> d)  operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e)  operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

f)  intermingling assets and debts of their own with Defendant Corporation,

g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

30.     At all relevant times, Defendants were Plaintiff Maldonado's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Maldonado, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Maldonado's services.

31.     In each year from 2018 to 2019, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

32.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the café on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

33.     Plaintiff Maldonado is a former employee of Defendants who was employed as a cook.

34.     Plaintiff Maldonado seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Miguel Angel Maldonado Juarez*

35.     Plaintiff Maldonado was employed by Defendants from approximately October 1, 2018 until on or about December 15, 2019.

36.     Defendants employed Plaintiff Maldonado as a cook.

37.     Plaintiff Maldonado regularly handled goods in interstate commerce, such as café and other supplies produced outside the State of New York.

38.     Plaintiff Maldonado's work duties required neither discretion nor independent judgment.

39.     Throughout his employment with Defendants, Plaintiff Maldonado regularly worked in excess of 40 hours per week.

40.     From approximately October 1, 2018 until on or about December 15, 2019, Plaintiff Maldonado worked from approximately 4:00 a.m. until on or about 2:00 p.m., Mondays through Fridays (typically 50 hours per week).

41.     For approximately one month in October 2019, Plaintiff Maldonado worked 7 days a week from approximately 4:00 a.m. until on or about 6:00 p.m. (typically 98 hours per week).

42.     On five separate occasions, Plaintiff Maldonado worked an additional day on Saturdays from approximately 6:00 a.m. until on or about 3:00 p.m. (typically 59 hours per week).

43.     Throughout his employment, Defendants paid Plaintiff Maldonado his wages by check.

44.     From approximately October 1, 2018 until on or about December 15, 2019, Defendants paid Plaintiff Maldonado $15.00 per hour.

45.     For approximately one week, Defendants did not pay Plaintiff Maldonado any wages for his work.

46.     Defendants deducted 30 minutes from Plaintiff Maldonado's weekly paycheck for meals he never ate.

47.     Although Defendants did utilize a pin number to keep track of Plaintiff Maldonado's hours, the time tracking system did not accurately reflect his actual hours worked.

48.     On a number of occasions, Defendants required Plaintiff Maldonado to sign a document, the contents of which he was not allowed to review in detail.

49.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Maldonado regarding overtime and wages under the FLSA and NYLL.

50.     Defendants did not provide Plaintiff Maldonado an accurate statement of wages, as required by NYLL 195(3).

51.     In fact, Defendants adjusted Plaintiff Maldonado's paystubs so that they reflected inaccurate wages and hours worked.

52.     Defendants did not give any notice to Plaintiff Maldonado, in English and in Spanish (Plaintiff Maldonado's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

53.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Maldonado  (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate overtime compensation as required by federal and state laws.

54.     Plaintiff Maldonado was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

55.     Defendants' time keeping system did not reflect the actual hours that Plaintiff Maldonado worked.

56.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

57.     On a number of occasions, Defendants required Plaintiff Maldonado to sign a document the contents of which he was not allowed to review in detail. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

58.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Maldonado (and similarly situated individuals) worked, and to avoid paying Plaintiff Maldonado properly for his full hours worked.

59.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

60.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Maldonado and other similarly situated former workers.

61.     Defendants failed to provide Plaintiff Maldonado and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum

wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

62.     Defendants failed to provide Plaintiff Maldonado  and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

63.      Plaintiff Maldonado brings his FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

64.     At all relevant times, Plaintiff Maldonado  and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records under the FLSA.

65.    The claims of Plaintiff Maldonado stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

66.    Plaintiff Maldonado repeats and realleges all paragraphs above as though fully set forth herein.

67.    At all times relevant to this action, Defendants were Plaintiff Maldonado's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Maldonado (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

68.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

69.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

70.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Maldonado (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

71.    Defendants' failure to pay Plaintiff Maldonado (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

72.    Plaintiff Maldonado (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

73.     Plaintiff Maldonado repeats and realleges all paragraphs above as though fully set forth herein.

74.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Maldonado    overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

75.     Defendants' failure to pay Plaintiff Maldonado overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

76.     Plaintiff Maldonado was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

77.     Plaintiff Maldonado repeats and realleges all paragraphs above as though fully set forth herein.

78.     Defendants failed to provide Plaintiff Maldonado  with a written notice, in English and in Spanish (Plaintiff Maldonado 's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place

of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

79.      Defendants are liable to Plaintiff Maldonado in the amount of $5,000, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

80.      Plaintiff Maldonado repeats and realleges all paragraphs above as though fully set forth herein.

81.      With each payment of wages, Defendants failed to provide Plaintiff Maldonado  with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

82.      Defendants are liable to Plaintiff Maldonado in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION

### OF THE NEW YORK LABOR LAW

83.      Plaintiff Maldonado repeats and realleges all paragraphs above as though fully set forth herein.

84.     At all relevant times, Defendants were Plaintiff Maldonado's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

85.     Defendants made unlawful deductions from Plaintiff Maldonado's wages including, but not limited to, deductions for meals he never ate.

86.     The deductions made from Plaintiff Maldonado's wages was not authorized or required by law.

87.     Through their knowing and intentional efforts to take unauthorized deductions from Plaintiff Maldonado's wages, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and supporting New York State regulations.

88.     Plaintiff Maldonado was damaged in an amount to be determined at trial.

<u>SIXTH CAUSE OF ACTION</u>

**VIOLATION OF THE TIMELY PAYMENT PROVISIONS**

**OF THE NEW YORK LABOR LAW**

89.      Plaintiff Maldonado repeats and realleges all paragraphs above as though set forth fully herein.

90.     Defendants did not pay Plaintiff Maldonado on a regular weekly basis, in violation of NYLL §191.

91.     Defendants are liable to Plaintiff Maldonado in an amount to be determined at trial.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff Maldonado respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Maldonado  and the FLSA Class members;

(c)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Maldonado 's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Maldonado  and the FLSA Class members;

(e)     Awarding Plaintiff Maldonado  and the FLSA Class members damages for the amount of unpaid overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)     Awarding Plaintiff Maldonado  and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Maldonado ;

(h)     Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Maldonado ;

(i)      Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Maldonado 's compensation, hours, wages and any deductions or credits taken against wages;

(j)      Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Maldonado ;

(k)      Awarding Plaintiff Maldonado   damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages as applicable

(l)      Awarding Plaintiff Maldonado   damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(m)      Awarding Plaintiff Maldonado   liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(n)      Awarding Plaintiff Maldonado   and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(o)      Awarding Plaintiff Maldonado   and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(p)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q)      All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Maldonado demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York

June 12, 2020

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:      /s/ Michael Faillace
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

February 26, 2020

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                        Miguel Angel Maldonado Juarez

Legal Representative / Abogado:      Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                         26 de febrero 2020

*Certified as a minority-owned business in the State of New York*