```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
MIGUEL ANGEL MALDONADO JUAREZ,                                    :
                                                                  :
                                                                  :
                                   Plaintiff,                     :   20-cv-4537 (LJL)
                 -v-                                              :
                                                                  :   OPINION & ORDER
BUTTERFIELD CATERING INC., et al.,                                :
                                                                  :
                                   Defendants.                    :
                                                                  :
------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/25/2020

LEWIS J. LIMAN, United States District Judge:

Defendants Butterfield Catering Inc., d/b/a Butterfield Kitchen ("Butterfield Catering"), and Evan Scott Obstanz, Chris Obstanz, Jeorge Flores, and Diego Doe ("Individual Defendants" and together with Butterfield Catering, "Defendants"), move to dismiss the complaint of Plaintiff Miguel Angel Maldonado Juarez ("Plaintiff" or "Maldonado"), pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for relief. The Court orally ruled on the motion at the conference on November 24, 2002, granting Defendants' motion to dismiss in part and denying it in part. This opinion sets forth the Court's reasoning and reiterates its ruling.

## BACKGROUND

Plaintiffs initiated this action by complaint filed on June 12, 2020, alleging that defendants violated the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA") and the New York Labor Law §§ 190 et seq. and 650 *et seq*. ("NYLL"). Dkt. No. 1. Plaintiff amended the complaint on August 28, 2020. Dkt. No. 29 ("Amended Complaint" or "Am. Compl.). Also on August 28, 2020, Plaintiffs filed the instant motion to dismiss. On September 25, 2020, Plaintiff filed a motion to strike Defendants' reply brief to the motion to dismiss. Dkt.

No. 36.  Plaintiff amended its motion to strike and added to it a motion for sanctions on September 25, 2020.  Dkt. No. 38.

## LEGAL STANDARD

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, a complaint must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)).

A complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement" in order to survive dismissal.  *Twombly*, 550 U.S. at 555, 557.  The ultimate question is whether "[a] claim has facial plausibility, [i.e.,] the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. Put another way, the plausibility requirement "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." *Twombly*, 550 U.S. at 556; *see also Matrixx Initiatives, Inc.  v. Siracusano*, 563 U.S. 27, 46 (2011).

## DISCUSSION

### A. Plaintiff's FLSA Overtime Claim Against Butterfield Catering

Defendants argue first that Plaintiff has failed to plead sufficient facts to establish a FLSA overtime claim against Butterfield Catering.  That motion is without merit.

"Both the overtime and minimum wage provisions apply to companies whose employees are either (1) 'engaged in commerce or in the production of goods for commerce,' or (2) 'employed in an enterprise engaged in commerce or in the production of goods for commerce.'"

2

*Kaplan v. Wings of Hope Residence, Inc.*, 2018 WL 6437069, at *5 (E.D.N.Y. Dec. 7, 2018) (quoting 29 U.S.C. §§ 206(a), 207(a)).  Thus, in order to plead a FLSA claim, plaintiff must allege either individual coverage or enterprise coverage.  *Jacobs v. N.Y. Foundling Hosp.*, 577 F.3d 93, 96 (2d Cir. 2009).  An individual is covered by enterprise coverage when she is employed by an employer who "has employees engaged in commerce or in the production of goods for commerce, or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and the enterprise has "annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)."  29 U.S.C. § 203(s)(1).  Section 207(a)(1) of the FLSA requires that, "for a workweek longer than forty hours," an employee who works "in excess of" forty hours shall be compensated for that excess work "at a rate not less than one and one-half times the regular rate at which he is employed."  29 U.S.C. § 207(a)(1). "In order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Lundy v. Cath. Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2016).  In other words, "[t]o plead a plausible FLSA overtime claim, the plaintiff must provide sufficient detail about the length and frequency of his unpaid work to support a reasonable inference that he worked more than forty hours in a given week."  *Butt v. HF Mgmt. Servs., LLC*, 2020 WL 207393, at *2 (E.D.N.Y. Jan. 14, 2020).  Although plaintiffs are not required to "plead their hours with mathematical precision," they must provide complaints with "sufficiently detailed factual allegations."  *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 90 (2d Cir. 2013).

    Maldonado pleads all the elements necessary to establish a FLSA overtime violation.  He is specific about his job and when he was employed by Defendants.  He "was employed as a cook at the café located at 346 E. 92nd Street, New York, New York 10128," Am. Compl. ¶ 4, and "was employed by Defendants at Butterfield Kitchen from approximately October 1, 2018

until on or about December 15, 2019," *id*. ¶ 15.  He pleads that Butterfield Kitchen was an "enterprise" under FLSA.  "In each year from 2018 to 2019, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)." *Id*. ¶ 33.  He pleads the elements of interstate commerce.  He alleges that "upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce" and that "[a]s an example, numerous items that were used in the café on a daily basis are goods produced outside of the State of New York." *Id*. ¶ 34.  He goes on to allege that he "regularly handled goods in interstate commerce, such as mayonnaise, Dijon mustard, sugar, arugula, parmesan cheese, salmon, chicken, orange juice, oranges, cream cheese, smoked salmon, turkey bacon or sausage, onions, tomatoes, red peppers, kale, olives, croutons, mozzarella cheese, basil, ham, gruyere cheese, turkey, portabello mushroom, cucumber, tuna salad, pesto, butter, russian dressing, mint, cilantro, zucchini, bbq sauce, pork, tuna, spinach, carrots, brussels sprouts and other supplies produced outside the State of New York." *Id*. ¶ 39.

        Maldonado also pleads sufficient factual information to make it plausible that Defendants violated the FLSA overtime rules.  The Amended Complaint pleads: "[f]rom approximately October 1, 2018 until or about December 15, 2019, Plaintiff Maldonado worked from approximately 4:00 a.m. until or about 2:00 p.m., Mondays through Fridays (typically 50 hours per week)." *Id*. ¶ 42.  "For approximately one month in October 2019, Plaintiff Maldonado worked 7 days a week from approximately 4:00 a.m. until on or about 6:00 p.m. (typically 98 hours per week)." *Id*. ¶ 43.  "On five separate occasions, Plaintiff Maldonado worked an additional day on Saturdays from approximately 6:00 a.m. until on or about 3:00 p.m. (typically 59 hours per week)." *Id*. ¶ 44.  Yet, "[f]rom approximately October 1, 2018 until on or about December 15, 2019, Defendants paid Plaintiff Maldonado $15.00 per hours worked up to 40 and $18.00 for hours worked in excess of 40 per week." *Id*. ¶ 46.  These allegations are sufficient to

4

state a claim for relief. *See Butt*, 2020 WL 207393, at *2 (denying motion to dismiss where complaint demonstrated that plaintiff worked some number of hours exceeding forty hours per week); *Rotthoff v. New York State Cath. Health Plan, Inc.*, 2020 WL 5763862, at *3 (E.D.N.Y. Sept. 28, 2020) (holding that complaint that alleged the hours plaintiff "regularly" worked was sufficient to state a claim for relief); *Vazquez v. Wally's Deli & Grocery Store Corp.*, 2020 WL 5096002, at *5 (S.D.N.Y. Aug. 28, 2020) (allegations regarding the hours the plaintiff worked during the majority of his employment and that employer did not pay him overtime compensation for any hours worked beyond 40 hours in a workweek sufficient to state a FLSA overtime claim); *Gayvoronskaya v. Americare, Inc.*, 2018 WL 4378162, at *4 (E.D.N.Y. Mar. 26, 2018) ("*Dejesus* does not preclude a plaintiff from proceeding with an FLSA claim based on an allegation that her work was consistent across a given time period.").

Defendants' principal arguments are factual. Defendants claim that "Maldonado was never employed by Butterfield" and that "[a] review of Butterfield's employment records show no current or former employee with Maldonado's name." Dkt. No. 32 at 11. Defendants also argue that they do not have employees handling goods or materials that have moved in commerce. *Id*. at 13. But those arguments are factual. They are not cognizable on a motion to dismiss. If established, they may defeat Plaintiff's claim but they cannot defeat Plaintiff's right to proceed when he alleges the opposite.

The cases cited by Defendants are not apposite. In *Lundy*, the Second Circuit affirmed the dismissal of plaintiffs' complaint for failure to state a claim for relief because "Plaintiffs have not alleged a single workweek in which they worked at least 40 hours and also worked uncompensated time in excess of 40 hours." 711 F.3d at 114; *see Dejesus,* 726 F.3d at 89 (noting that the complaint in *Lundy* "failed because of arithmetic: tallying the plausible factual allegations, we could not get beyond forty hours in any given week, and therefore to a plausible claim for overtime"); *see also Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.*, 723 F.3d

5

192, 201 (2d Cir. 2013) (plaintiff asserting overtime claim failed to show how number of hours worked added up to forty or more hours in a given week).  In *DeJesus v. HF Management Servs.*, the court dismissed plaintiff's FLSA complaint without prejudice because she "fail[ed] to set forth the precise position she held, any approximation of the number of unpaid overtime hours worked, her rate of pay, or any approximation of the amount of wages due."  2012 WL 5289571, at *2.  Indeed, along with giving "only a vague description of her duties as 'promoter' [for the defendant]," her "sole allegation [was] that she worked more than forty hours per week and was denied overtime compensation in 'some or all weeks' for the time she worked [for the defendant]."  *Id.; see also Dejesus*, 726 F.3d at 89 (holding that "[w]hatever the precise level of specificity that was required of the complaint, Dejesus at least was required to do more than repeat the language of the statute").  In *Bustillos v. Acad. Bus, LLC*, 2014 WL 116012 (S.D.N.Y. Jan. 13, 2014), plaintiff's allegations amounted to the conclusory assertion that he "worked some number of excess hours in some unidentified week"—he alleged merely that his work schedule "varied" and that he "would regularly work from 60 to 90 hours per week."  *Id.* at *3.

### B. Individual liability for Defendants Obstanz, Diego, Chirs and Joel under FLSA or NYLL

The Individual Defendants move to dismiss the FLSA and NYLL claims against them for failure to plead that they meet the definition of "employer" under FLSA.

Under the FLSA, an employer is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee . . ."  29 U.S.C. § 203(d).  The NYLL defines an employer as "any person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service."  NYLL § 190(3).  To plead that an individual is an employer, it is not sufficient to allege that she "is an owner or officer of a company, or otherwise makes corporate decisions that have nothing to do with an employee's function."  *Irizarry v. Catsimatidis*, 722 F.3d 99, 109 (2d Cir. 2013).  "To be

6

an 'employer,' an individual defendant must possess control over a company's actual 'operations' in a manner that relates to a plaintiff's employment." *Id*. at 109. "A person exercises operational control over employees if his or her role within the company, and the decisions it entails, directly affect the nature of conditions of the employees' employment." *Id.* at 110. Given its remedial purpose, the FLSA's definition of employer is of "striking breadth." *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 326 (1992). Whether an individual person is an employer is to be determined by "economic reality rather than technical concepts." *Irizarry*, 722 F.3d at 104. Among the factors to be considered are "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* at 104-05. Establishing that these factors are met is "sufficient but not necessary" to allege that an individual is an employer. *Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 72 (2d Cir. 2003). Rather, "district courts are required to examine 'the circumstances of the whole activity . . . viewed in light of economic reality,'" and are "free to consider any other factors it deems relevant to its assessment of the economic realities." *Perez v. Westchester Foreign Autos, Inc.*, 2013 WL 749497, at *7 (S.D.N.Y. Feb. 28, 2013) (quoting *Zheng*, 355 F.3d at 71-72).

Plaintiff's allegations against the Individual Defendants are formulaic. The Amended Complaint alleges "[u]pon information and belief," that each of the Individual Defendants "serve or served as owners, managers, principals, or agents of Defendants Corporation and, through this corporate entity, operate or operated the café as a joint or unified enterprise." Am. Compl. ¶ 3. It then makes the identical allegation with respect to each of them: "[Name of individual defendant] possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff

Maldonado, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees." *Id*. ¶ 19 (Chris Obstantz); ¶ 21 (Evan Scott Obstantz); 23 ¶ (Jorge Flores); ¶ 24 (Diego Doe).  When it comes to facts, however, the Amended Complaint is threadbare.  It alleges that Chris Obstantz "came to the café five days a week (Mondays through Fridays) and gave orders to employees (including Plaintiff Maldonado) through Jorge Flores and Diego Leon [sic]" and adds "[f]or example, on a Wednesday on November 2019, Jorge Flores informed Plaintiff Maldonado that Defendant Chris Obsanz [sic] ordered him terminated from the job." *Id*. ¶ 20.  With respect to Evan Scott Obstanz, it alleges he "came to the Café six days a week (Mondays through Saturdays), and gave orders to the employees (including Plaintiff Maldonado) through Jorge Flores and Diego Doe." *Id*. ¶ 22.  It alleges no more about Jorge Flores and Diego Doe.

      The Amended Complaint contains none of the factual detail necessarily to show the economic reality that any of the Individual Defendants was an employer.  With the exception of the allegation against Chris Obstantz, it does not allege facts that any of the Individual Defendants had the power to hire and fire the employees.  It further does not allege that any of the Individual Defendants supervised and controlled employee work schedules or conditions of employment.  Finally, it contains no facts to support the conclusion that any of the Individual Defendants determined the rate and method of payment, or maintained employment records.  Plaintiff protests that "in the context of a small business" it should be inferred that the Individual Defendants had "control over personnel decisions, work schedules, terms of compensation, and maintenance of employment records." Dkt. No. 34 at 5.  But it is precisely because Butterfield Catering is a small business that Plaintiff should be expected to plead some facts supporting his assertions. *See Ruixuan Cui v. East Palace One, Inc.*, 2019 WL 4573226, at *7 (S.D.N.Y. Sept. 20, 2019) (dismissing FLSA and NYLL claims against individual defendants where they were

8

based on boilerplate allegations and citing cases); *Bravo v. Established Burger One, LLC*, 2013 WL 5549495 at *6 (S.D.N.Y. Oct. 8, 2013) (same).

The Individual Defendants are dismissed without prejudice.[1]

## CONCLUSION

Defendants' motion to dismiss the FLSA and NYLL claims against Butterfield Catering is DENIED.  The motion to dismiss the claims against the Individual Defendants is GRANTED and the claims against the Individual Defendants are dismissed without prejudice.  Plaintiff shall have 45 days from November 24, 2020 to file an amended complaint limited to additional allegations with respect to the Individual Defendants.

Plaintiff's motion to strike and for sanctions, at Dkt. No. 38, is DENIED.

SO ORDERED.

Dated: November 25, 2020
       New York, New York

LEWIS J. LIMAN
United States District Judge

---

[1] In light of the Court's conclusion sustaining the FLSA claim against Butterfield Catering, the Court does not address Defendants' argument that the state law claims should be dismissed for lack of supplemental jurisdiction.