# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E. 42nd Street, Suite 4510                                                    Telephone: (212) 317-1200
New York, New York 10165                                                    Facsimile: (212) 317-1620
————

September 22, 2021

**VIA ECF**

The Honorable Judge Lewis J. Liman
U.S. District Court Southern District of New York
500 Pearl St
New York, NY 10007

>  *Re: Maldonado Juarez et al v. Butterfield Catering Inc. et al*
>  *Case No. 20-cv-4537*

Your Honor:

This office represents the Plaintiff in the above referenced matter.  Plaintiffs write jointly with Defendants to submit this letter setting forth our views on why the agreed upon settlement in this matter is fair.

The parties have agreed to a negotiated settlement ("Agreement") after extensive settlement discussions during mediation.  A copy of the Agreement is attached hereto as "Exhibit A."  We therefore ask the Court to approve the settlement pursuant to *Cheeks v. Freeport Pancake House*, Inc., 796 F.3d 199 (2d Cir. 2015).

Plaintiff brought this suit alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), violations of the New York Labor Law §§ 190 et seq. and 650 et seq. (the "NYLL"), and violations of the 'spread of hours' and overtime wage orders of the New York Commission of Labor codified at N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4(a).

Plaintiff alleges he was employed by Defendants as a cook at their café and catering service in the Upper East Side of New York, New York under the name Butterfield Catering.  They also allege Defendants engaged in a wide variety of FLSA and NYLL violations, including failure to pay appropriate, failure to pay spread of hours pay, unauthorized deductions from wages and gratuities, and failure to provide annual notice and wage statements. Defendants deny the Plaintiff's allegations but agree that a settlement is desirable at this stage to avoid incurring further legal fees by litigating further.

## I.    The Proposed Settlement is Fair and Reasonable

Under the settlement, Defendants will pay $7,500 to Plaintiff to settle all his claims as alleged in the Complaint that concern his employment.  Of the settlement amount, sixty-two and two-thirds (62.67%), or $4,700.00 will go to the Plaintiff, with $2,800.00 to go to Plaintiff's attorneys.

Plaintiff alleges that he is entitled to back wages of approximately $6,427.50 from Defendants, which Defendants deny. Plaintiff estimates that if he had recovered in full for his

September 22, 2021
Page 2

claims, exclusive of attorney's fees, he would be entitled to approximately $24,597.73. A copy of Plaintiff's damages chart, breaking down each amount sought from Defendants, is attached as "Exhibit B." Plaintiff understands the central issues are disputed, and that should he continue to litigate his claims, there is no guarantee he would recover what he believes he is owed, which is why a settlement is desirable at this time.

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Considering the risks in this case outlined above, Plaintiff believes that this settlement is an excellent result, and should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.*, 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

## II. Plaintiff's Attorneys' Fees are Fair and Reasonable

Under the settlement, and in accordance with his retainer agreement with the Plaintiff, Plaintiff's counsel will receive $2,800.00 from the settlement fund as attorneys' fees and costs. This represents thirty-seven and one third (37.33) percent of the recovery in this litigation as decided by Your Honor in this case.

These rates are reasonable given the experience of the attorneys in wage and hour matters, and their performance in this case. *See Perez v. Platinum Plaza 400 Cleaners, Inc.,* Index No. 12-cv-9353 (PAC), 2015 U.S. Dist. LEXIS 78079, *3 n. 1 (S.D.N.Y. June 16, 2015) (awarding requested rates to Michael Faillace and one of his associates at this firm, Joshua Androphy, finding they had "demonstrated entitlement to these rates based on their experience in wage and hour litigation and their performance in this case").

While district courts in this Circuit have commonly limited attorneys' fees to 1/3 of the recovery in FLSA settlements, the Second Circuit Court of Appeals recently rejected such a proportionality rule. *Fisher v. S.D. Prot. Inc.*, 948 F.3d 593, 2020 U.S. App. LEXIS 3295 (2d Cir. Feb. 4, 2020). In *Fisher* the Second Circuit reversed a district court's presumption of a 33% limit as an outcome determinative factor on attorneys' fees in FLSA settlements. *Id.* The Second Circuit observed that if plaintiffs' attorneys were limited to such a proportional fee, no rational attorney would take small recovery or "run of the mill" cases and employees would be left with little redress for alleged violations. *Id.* 2020 U.S. App. LEXIS 3295, *17. Here, Plaintiff's attorneys' lodestar

September 22, 2021
Page 3

is more than the amount that Plaintiff's attorneys are to recover from the settlement, and in fact exceeds the settlement amount.

Given Plaintiff's counsels' significant experience representing Plaintiffs in New York City in wage and hour litigation, Plaintiff's counsel was able to obtain an excellent result with relatively low expense due to the parties' cooperative exchange of information and frequent and on-going negotiations. A brief biography of each attorney who performed billed work outlined in the Billing Record attached as "Exhibit C" and their rates in this matter is as follows:

    i.    Michael Faillace is the Managing Member of Michael Faillace & Associates, P.C., and have been in practice since 1983. Michael Faillace reflected in Exhibit C as "MF" is billed at a rate of $450 per hour. From 1983 to 2000, Mr. Faillace was in-house Employment Counsel with International Business Machines Corporation (IBM). He taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and am a nationally-renowned speaker and writer on employment law. He is also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

    ii.    Gennadiy Naydenskiy is a Litigation Associate of Michael Faillace & Associates P.C. and has been a member of the firm since August 2018. Gennadiy Naydenskiy reflected in Exhibit C as "GN" is billed at a rate of $350 per hour. Prior to joining Michael Faillace and Associates, P.C, Gennadiy Naydenskiy was a solo practitioner from October 2014, focusing primarily on FLSA wage and hour cases. Prior to founding his solo practice, Gennadiy Naydenskiy was an associate for Harrison, Harrison, and Associates a boutique law firm that focus most of their practice on FLSA wage and hour individual, multi-plaintiff, collective and class actions.

    iii.    Khalil Huey is a Litigation Associate of Michael Faillace & Associates P.C and has been a member of the firm since June 2021. Khalil Huey reflected in Exhibit C as "KH" is billed at a rate of $375 per hour. Prior to joining Michael Faillace and Associates P.C, Khalil Huey was of counsel for the Chandler Law Firm PLLC and an associate for the same firm that focused on labor and employment law for individuals and as labor counsel for several school districts, and large public employee unions in the State of New York.

    iv.    Paralegal time reflected in Exhibit C as "PL" is billed at $125 per hour.

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

September 22, 2021
Page 4

Respectfully submitted,

/s/ Khalil Huey
Khalil Huey Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
Attorneys for the Plaintiff

Enclosures

Cc Ilan Weiser. (via ECF)

## SETTLEMENT AGREEMENT

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff Miguel Angel Maldonado Juarez a/k/a Miguel Perez ("Plaintiff") on the one hand, and Butterfield Catering Inc. ("Defendant Corporation") and Chris DeLuna, Evan Obsatz, and Jorge Flores ("Individual Defendants") (the Defendant Corporation and the Individual Defendants are together referred to hereinafter as "Defendants"), on the other hand (Plaintiff and Defendants are collectively referred to hereinafter as the "Parties");

WHEREAS, Plaintiff alleges that he worked for Defendants as an employee, and a dispute has arisen regarding Plaintiff's employment for Defendants, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 20-cv-4537 (LJL) (hereinafter "the Litigation"), wherein Plaintiff has alleged claims against Defendants under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL");

WHEREAS, Defendants deny any and all FLSA and NYLL claims alleged by Plaintiff in the Litigation and deny any liability as it concerns Plaintiff's employment for Defendants; and

WHEREAS, the Parties desire to resolve all of Plaintiff's claims as alleged in the Litigation without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1.      <u>Consideration</u>: Subject to the terms and condition of this Agreement, the Defendant Corporation agrees that it shall provide Plaintiff with the total gross sum of Seven Thousand Five Hundred Dollars ($7,500.00) (the "Settlement Amount"), which shall be deemed to satisfy, inter alia, all counsel fees and costs incurred by Plaintiff in the Litigation, as consideration, in exchange for Plaintiff agreeing to the terms of this Agreement in full, complete, and final settlement of any and all claims Plaintiff  has alleged against Defendants in the Litigation, and which consideration is to be paid by Defendant to Plaintiff, in three (3) separate checks, as follows:

i.      One (1) check made payable to "Miguel Angel Maldonado Juarez" in the gross amount of Two Thousand Three Hundred and Fifty Dollars ($2,350.00), less applicable withholdings, which shall represent wages and reported on an IRS Form W-2;

ii.      One (1) check made payable to "Miguel Angel Maldonado Juarez" in the gross amount of Two Thousand Three Hundred and Fifty Dollars ($2,350.00), which shall represent damages, and reported on an IRS Form 1099; and

iii.      One (1) check made payable to "Michael Faillace & Associates, P.C." in the gross amount of Two Thousand Eight Hundred Dollars ($2,800.00), which shall represent attorneys' fees, costs, and expenses and reported on an IRS Form 1099;

iv.      The checks constituting the Settlement Amount are to be delivered by the Defendant Corporation to Plaintiff's counsel, Michael Faillace Esq., 60 East 42nd Street, Suite 4510, New York,

New York 10165 ("Plaintiff's Counsel"). Plaintiff's counsel shall be responsible to distribute the checks due Plaintiff from the Settlement Amount.

      v.    The Settlement Amount is due to be sent by Defendant Corporation to Plaintiff's Counsel on or before thirty (30) days following the date the presiding Judge in the Litigation 'So Orders' the 'Stipulation of Dismissal With Prejudice' attached hereto as Exhibit A.

      2.    <u>Release of Claims:</u>  Plaintiff hereby stipulates and agrees that in consideration for the Settlement Amount to be paid to him by the Defendant Corporation as set forth above, and as for consideration for Plaintiff's release of any and all claims that Plaintiff has specifically alleged in this Litigation against Defendants, Plaintiff hereby releases and forever discharges Defendants, including but not limited to Chris DeLuna (improperly named as Chris Obstanz in the case caption) and Evan Obsatz (improperly named as Evan Scott Obstanz in the case caption), their predecessors, officers, members, managing members, employees, agents, directors, attorneys, insurers, clients, parent corporations, subsidiary corporations, sister corporations, and affiliate corporations, in any capacity or of any kind whatsoever (hereinafter referred to collectively, with Defendants, as "Releasees"), from any claims which he has made or could have made in connection with his claims as alleged in the Litigation, that have or may have occurred or arisen prior to and up to the Effective Date of this Agreement, to the fullest extent permissible at law. Plaintiff expressly waives any right or claim or right to assert later that any claim has, through ignorance, oversight or error, been omitted from the terms of this Agreement, and further expressly waives any right or claim of right he may have under the law of any jurisdiction that the releases (such as those given in this Agreement) do not apply to unknown or unstated claims for any act, omission, transaction or occurrence which has taken place prior and up to the Effective Date of this Agreement.  Any language to the contrary herein notwithstanding, nothing in this Agreement shall operate to bar or limit any claim of Plaintiff's for physical injury made pursuant to the Worker's Compensation Law, however, as of the date Plaintiff executes this Agreement, he represents and warrants that he is not aware of any workplace injury he suffered while employed by Defendants.  This Agreement is not intended to waive claims for Unemployment Insurance benefits, Workers' Compensation benefits, any claims that cannot lawfully be waived, claims that arise after the date the Parties execute this Agreement, or claims for breach of this Agreement.

      i.    Plaintiff also agrees to withdraw, with prejudice, all complaints, suits, actions, charges, claims and/or proceedings that Plaintiff may have filed in any court or tribunal whatsoever against the Releasees that concerns the claims alleged in this Litigation.

      ii.    It is the intent of Plaintiff and Releasees that by this release, Plaintiff is giving up all rights, claims, and causes of actions against the Releasees in connection with Plaintiff's Claims in this Litigation, whether or not Plaintiff is aware of them and whether or not any damage or injury has yet occurred.

      iii.    Notwithstanding the foregoing, nothing contained herein shall prevent Plaintiff from filing an administrative charge of discrimination with the EEOC or any state or local fair employment practices agency, or an unfair labor practice charge with the NLRB.  However, Plaintiff agrees that he shall not seek, accept, or be entitled to any monetary relief, whether for Plaintiff individually or as a member of a class or group, arising from an administrative charge filed by Plaintiff or on Plaintiff's behalf (other than in a proceeding before the Securities and

Exchange Commission).  This Agreement prohibits Plaintiff's ability to pursue any claims against the Releasees seeking monetary relief for Plaintiff and/or as a representative on behalf of others which concern his claims in the Litigation..

      iv.    Plaintiff affirms that he understands that he may later discover claims or facts that may be different than, or in addition to, those which Plaintiff now knows or believes to exist with regard to the subject matter of this Agreement, and which, if known at the time of signing this release, may have materially affected this Agreement or Plaintiff's decision to enter into it. Nevertheless, Plaintiff hereby waives any right or claim that might arise as a result of such different or additional claims or facts.

      v.    The Parties shall submit this Agreement and Stipulation of Dismissal with Prejudice, attached as Exhibit 'A' hereto, to conclude and dismiss the Litigation, with prejudice, against all Defendants.  In addition, the Parties shall execute all such other documents as are reasonably necessary to terminate any other judicial, administrative or agency proceeding between the Parties, if any.

      3.    <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.  In fact, Defendants explicitly deny any liability to Plaintiff in connection with his claims in the Litigation, Plaintiff's employment by Defendants, or otherwise.

      4.    <u>Covenant Not to Sue</u>: To the fullest extent permitted by law, at no time subsequent to the execution of this Agreement will Plaintiff pursue, or cause or knowingly permit the prosecution, in any state, federal or foreign court, or before any local, state, federal or foreign administrative agency, or any other tribunal, any charge, claim or action of any kind, nature and character whatsoever, which Plaintiff has released in this Agreement or which were brought in this Litigation, except that this Agreement does not limit Plaintiff's right to participate in an investigation or proceeding conducted by the Equal Employment Opportunity Commission, the National Labor Relations Board, the Securities and Exchange Commission or other administrative agency or to bring a lawsuit against Releasees to enforce or challenge the validity of this Agreement.  While Plaintiff may participate in such investigation or proceeding, Plaintiff acknowledges and agrees that Plaintiff waives his right to recover monetary damages, of any kind, in such investigation or proceeding (other than a proceeding before the Securities and Exchange Commission), and further that this Agreement prohibits Plaintiff's ability to pursue any claims against the Releasees seeking monetary relief for himself and/or as a representative on behalf of others which have been released by Plaintiff in accordance with the "Release of Claims" provision above.

      5.    <u>Release Notification</u>. Defendants advised Plaintiff to discuss the terms of this Agreement with his legal counsel and Plaintiff acknowledges that he has had the opportunity to consult with his attorney who is well-versed and experienced in labor and employment law. Plaintiff acknowledges that it is his choice to release his claims in return for the consideration set forth herein and that he made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his attorney.  Plaintiff confirms

that he has reviewed this Agreement with his attorney, that he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

6.   Breach of this Agreement.  If Plaintiff should, after the execution of this Agreement, make, pursue, prosecute, or threaten to make any claim or allegation, or pursue or commence or threaten to commence any claim, action, complaint or proceeding against Defendants or the Releasees which have been released by this Agreement, this Agreement may be raised as and shall constitute a complete bar to any such claim, allegation, action, complaint or proceeding.  In the event that either party breaches any provision of this Agreement, the Parties agree that either may institute action against the other to specifically enforce any term or terms of this Agreement for which the prevailing party would be entitled to recover its reasonable costs incurred by virtue of defending or prosecuting the same, including reasonable attorneys' fees. Nothing in this paragraph shall limit the Parties from enforcing their rights under this Agreement.

7.   Plaintiff's Acknowledgments and Affirmations.  Plaintiff represents, acknowledges and affirms that:

i.    Plaintiff has been granted and received any and all leaves (paid or unpaid) to which Plaintiff may have been entitled during his former employment for Defendants, including but not limited to any leave to which Plaintiff was entitled under any local leave or disability accommodation laws;

ii.    Plaintiff has not been retaliated against by Defendants for reporting any allegations of wrongdoing by Defendants or their officers;

iii.    Plaintiff is not aware of any existing lien against Plaintiff's recovery in this action, and agrees to release, hold harmless and indemnify the Releasees from any claim asserting a lien or claim against the Settlement Amount with respect to any liens, known or unknown, against Plaintiff's recovery in this action, including that portion of the recovery representing fees for legal services;

iv.    As of the date Plaintiff signs this Agreement, Plaintiff represents that he is not Medicare eligible (*e.g.*, is not 65 years of age or older; is not suffering from end stage renal failure; has not received Social Security Disability Insurance benefits for 24 months or longer; etc.). Nonetheless, if the Centers for Medicare & Medicaid Services ("CMS") (the term "CMS" includes any related agency representing Medicare's interests) determines that Medicare has an interest in the payment to Plaintiff, Employee agrees to (i) indemnify, defend and hold Releasees and its insurers harmless from any action by CMS relating to medical expenses of Plaintiff arising from the claims made by him against the Releasees, (ii) reasonably cooperate with Releasees upon request with respect to any information needed to satisfy the reporting requirements under Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007, if applicable, and any claim that the CMS may make and for which Plaintiff is required to indemnify Releasees under hereunder, and (iii) waive any and all future actions against Releasees for any private cause of action for damages pursuant to 42 U.S.C. § 1395y(b)(3)(A);

v.    Plaintiff acknowledges that the Defendants, in paying the agreed-upon Settlement Amount under this Agreement, are not responsible for the satisfaction of any lien upon his recovery

in this action, and further acknowledge that the satisfaction of any lien, known or unknown, against Plaintiff's recovery in this action is exclusively Plaintiff's responsibility. Plaintiff further agrees that should litigation be commenced against Defendants with respect to the enforcement and satisfaction of any liens, known or unknown, relating to his recovery in this action, as well as that portion representing fees for legal services, Plaintiff agrees to fully indemnify Releasees, and/or their respective successors or assigns, for any and all liability arising in that litigation, including reasonable costs and attorneys' fees related to any of Releasees' defense of that action, and/or the defense of their successors or assigns;

vi.    Plaintiff expressly understands that Plaintiff is not, in any manner, the prevailing party with respect to this matter;

vii.    Plaintiff expressly understands that Plaintiff is not entitled to, and will not seek, attorneys' fees in connection with this matter, aside from any portion of the Settlement Amount attributable to attorneys' fees, to which Plaintiff and Plaintiff's Counsel have agreed to independently without any involvement by Defendants;

viii.    Plaintiff acknowledges that this Agreement is the result of arms-length negotiations between the Defendants' Counsel and Plaintiff's Counsel, all of which are seasoned employment-law practitioners and that Plaintiff has been informed of and is fully aware of his rights and obligations hereunder; and

ix.    Plaintiff's waiver of rights and claims as herein provided is in exchange for good and sufficient payments and consideration.

x.    Plaintiff affirms that Defendant Chris DeLuna was improperly named as Chris Obstanz in the case caption and that Defendant Evan Obsatz was improperly named as Evan Scott Obstanz in the case caption.

8.    <u>Tax Indemnity</u>.   If for any reason, it is determined by any federal, state or local authority that the Settlement Amount, or any portion thereof, should have been subject to any additional taxation or withholdings, Plaintiff agrees that Plaintiff shall assume all responsibility for the payment of any taxes, interest and penalties assessed in connection therewith, and that Plaintiff shall indemnify Defendants and hold Defendants harmless from any withholding or tax payment, interest or penalties required to be paid by Defendant Corporation thereon, except Defendant Corporation's share of any FICA payment that may be due.  Defendants agree to notify Plaintiff in writing of any assessment or claim of assessment against Plaintiff via Plaintiff's Counsel, and Plaintiff agrees that any payments for which Plaintiff has assumed responsibility hereunder shall be paid in full within thirty (30) days after Plaintiff's Counsel's receipt of a demand for payment. Plaintiff further agrees and understands that, in the event Defendants are required to enforce the terms of this indemnification and hold harmless provision, Plaintiff will reimburse Defendants for its reasonable attorneys' fees and costs associated with such enforcement. The Defendant Corporation shall issue an IRS Form 1099 to Plaintiff's Counsel, and both an IRS Form W-2 and IRS Form 1099 to Plaintiff, for all payments made by Defendant Corporation to Plaintiff and Plaintiff's Counsel which represent wages, damages, interest, and/or

attorneys' fees and costs, at the same time the Defendant Corporation issues those forms to its current employees or other individuals/entities for the applicable tax year.

9.      <u>Integrated Agreement</u>.  The Parties agree and acknowledge that this Agreement constitutes and contains their entire agreement and understanding concerning the subject matter hereof and, except as otherwise provided herein, supersedes and replaces all prior negotiations, proposed agreement, or agreements, written, oral or implied.  The parties further agree that any oral representation or modifications concerning this Agreement shall be of no force or effect, and this Agreement, can only be modified in a writing signed by all of the parties to this Agreement. The Parties acknowledge to one another, that no other party, nor any agent or attorney of any other party, has made any promise representation or warranty (express, implied or statutory) not contained herein to induce them to execute this Agreement, and that they have not executed this Agreement in reliance upon any such promise, representation or warranty.

10.     <u>Acknowledgments.</u>   Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

11.     <u>Notices</u>.  Notices required under this Agreement shall be in writing by email and shall be deemed given on the first business day following electronic transmission thereof.  Notice hereunder shall be delivered to:


        To Plaintiff:

        Michael Faillace, Esq.
        **MICHAEL FAILLACE & ASSOCIATES, P.C.**
        60 East 42nd Street, Suite 4510
        New York, NY 10165
        Email: michael@faillacelaw.com

        To Defendants:

        Ilan Weiser, Esq.
        **ELLENOFF GROSSMAN & SCHOLE LLP**
        1345 Avenue of the Americas
        New York, NY 10105
        Email: iweiser@egsllp.com

12.     <u>Governing Law.</u>  This Agreement shall be subject to and governed by New York law. Any action arising out of or related to this Agreement shall maintained in the United States District Court for the Southern District of New York.

13.     <u>Modification</u>.   This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff and the Defendants.

{00988640.DOCX.4}                    6

14.     <u>Severability</u>.  In the event that any one or more of the provisions of this Agreement is held to be invalid, illegal or unenforceable, the validity, then of such provision shall be deemed null and void, but shall not invalidate or render unenforceable any other provisions contained within this Agreement. If the release language is found to be illegal or unenforceable, Plaintiff agrees to execute a binding replacement release, which effectively releases any other claims Plaintiff may have against all Defendants as alleged in the Litigation, to the fullest extent possible as originally contemplated by the parties.

15.     <u>Counterparts</u>.   This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original as against any party whose signature appears below, and all of which shall together constitute one and the same instrument.  Copies transmitted via electronic mail and/or facsimile shall be considered the same as originals.

16.     <u>Informed Consent</u>.  The Parties agree and acknowledge that they have been represented by independent legal counsel of their own choice throughout all of the negotiations that preceded the execution of this Agreement and that they have freely and independently executed this Agreement.

17.     <u>Effective Date</u>.   This Agreement becomes effective on the day it is approved by the Court (the "Effective Date").

18.     <u>Representations by Plaintiff</u>.  Plaintiff hereby represents and acknowledges that: (a) he has carefully read the Agreement and understands its terms; (b) he has been advised to and has consulted with an attorney regarding this Agreement; (c) the consideration provided in this Agreement is sufficient to support the releases in this Agreement against Defendants; (d) he knows that he is giving up important rights; and (e) he is signing this Agreement voluntarily and of his own free will.

***[SIGNATURES ON NEXT PAGE]***

WHEREFORE, the undersigned subscribe this Agreement, as it applies to each, as of the date(s) set forth below opposite their respective signatures.



PLAINTIFF:

_____
Miguel Angel Marin Juarez a/k/a Miguel Perez
                                        Date

DEFENDANTS:

**Butterfield Catering Inc.**

By: _____
Name: EVAN OBSATZ          Date 8.24.21
Title: CEO

_____
Chris DeLuna                    8.24.21
                                    Date

_____
Evan Obsatz                     8.24.21
                                    Date

_____
Jorge Flores                    Date

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

MIGUEL ANGEL MALDONADO JUAREZ (A.K.A.
MIGUEL PEREZ), *individually and on behalf of others
similarly situated,*

               Plaintiff,

        -against-

BUTTERFIELD CATERING INC. (D/B/A
BUTTERFIELD KITCHEN),CHRIS OBSTANZ,
EVAN SCOTT OBSTANZ, JORGE FLORES and
DIEGO DOE,

               Defendants.

-------------------------------------------------------------------X

Case No. 20-CV-4537 (LJL)

**STIPULATION AND (PROPOSED) ORDER OF DISMISSAL WITH PREJUDICE**

       IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel,

that, should the Court grant permission, the above-entitled action, and all claims asserted therein,

shall be dismissed with prejudice as to Defendants.

**MICHAEL FAILLACE & ASSOCIATES, P.C.**

       **ELLENOFF GROSSMAN & SCHOLE LLP**

By:__/s Khalil Huey_____
Khalil Huey, Esq.
60 East 42nd Street, Suite 4510
New York, New York 10165
Tel: (212) 317-1200

*Attorney for Plaintiff*

Dated: _____, 2021

By:_____
Ilan Weiser, Esq.
1345 Avenue of the Americas, 11th Floor
New York, New York 10105
Tel: (212) 370-1300

*Attorneys for Defendants*

Dated: _____, 2021

SO ORDERED THIS __ DAY OF _____ 2021

_____
HON. LEWIS J. LIMAN, U.S.D.J.

{00988640.DOCX.4}

Privileged Settlement Communication                                                                 Subject to  Revision / Correction

| Plaintiff | Pay Period From | To | No. Weeks in Pay Period | Hours Per Week in Period | No. of SOH Days Per Wk in Period | Calc. Regular Rate of Pay | Calc. OT Rate of Pay | Minimum Wage Rate | Minimum Overtime (OT) | Lawful Weekly Pay | "Credited" Weekly Pay | Underpayment Per Week | Unpaid Wages & OT | Liq. Damages on Wages & OT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Miguel Angel Maldonado Juarez | 10/1/2018 | 12/31/2018 | 13 | 50 | 0 | $ 15.00 | $ 22.50 | $ 13.00 | $ 19.50 | $ 825.00 | $ 750.00 | $ 75.00 | $ 975.00 | 975.00 |
| | 1/1/2019 | 9/30/2019 | 39 | 50 | 0 | $ 15.00 | $ 22.50 | $ 15.00 | $ 22.50 | $ 825.00 | $ 750.00 | $ 75.00 | $ 2,925.00 | 2,925.00 |
| | 10/1/2019 | 10/31/2019 | 4 | 98 | 4 | $ 15.00 | $ 22.50 | $ 15.00 | $ 22.50 | $ 1,905.00 | $ 1,470.00 | $ 435.00 | $ 1,740.00 | 1,740.00 |
| | 11/1/2019 | 12/7/2019 | 5 | 59 | 0 | $ 15.00 | $ 22.50 | $ 15.00 | $ 22.50 | $ 1,027.50 | $ 885.00 | $ 142.50 | $ 712.50 | 712.50 |
| | 12/7/2019 | 12/15/2019 | 1 | 50 | 0 | $ 15.00 | $ 22.50 | $ 15.00 | $ 22.50 | $ 825.00 | $ 750.00 | $ 75.00 | $ 75.00 | 75.00 |
| | | | | | | | | | | | | TOTAL: | $ 6,427.50 | 6,427.50 |

1 This chart is based upon preliminary information and the expected testimony of Plaintiffs.
2 Plaintiffs reserve the right to correct or amend this chart.
3 This Chart was prepared without the benefit of discovery, or the benefit of Defendants' required wage and hour records under the FLSA and NYLL.

Privileged Settlement Communication                                    Subject to Revision / Correction

| Plaintiff | Pay Period From | To | Unpaid Spread of Hours (SOH) Pay | Liq. Damages on unpaid SOH | Annual Wage Notice | Weekly Wage Statement | Pre Jud. Interest (PJI) on OT & Wages | (PJI) Spread of Hours | Tools of the Trade | Total Per Period |
|---|---|---|---|---|---|---|---|---|---|---|
| Miguel Angel Maldonado Juarez | 10/1/2018 | 12/31/2018 | $ - | $ - | $ 5,000.00 | $ 5,000.00 | $ 238.70 | $ - | | $ 12,188.70 |
| | 1/1/2019 | 9/30/2019 | $ - | $ - | | | $ 584.47 | $ - | | $ 6,434.47 |
| | 10/1/2019 | 10/31/2019 | $ 240.00 | $ 240.00 | | | $ 282.47 | $ 38.96 | | $ 4,281.43 |
| | 11/1/2019 | 12/7/2019 | $ - | $ - | | | $ 109.69 | $ - | | $ 1,534.69 |
| | 12/7/2019 | 12/15/2019 | $ - | $ - | | | $ 11.14 | $ - | | $ 161.14 |
| | | | | | | | | | | $ - |
| | | | | | | | | | | $ - |
| | | | $ 240.00 | $ 240.00 | $ 5,000.00 | $ 5,000.00 | $ 1,226.47 | $ 38.96 | $ - | $ 24,600.43 |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | Filing Date | | 10/7/2019 | | | | | |
| | | | FLSA | | 10/7/2016 | | | | | |
| | | | NYLL | | 10/7/2013 | | | | | |
| | | | Amendment | | 4/9/2011 | | | | | |
| | | | Today | | 8/4/2021 | | | | | |

2 of 2

### *Michael Faillace & Associates, P.C.*

60 East 42nd Street
Suite 4510
New York, NY 10165

Ph:(212) 317-1200          Fax:(212) 317-1620

Miguel Juarez                                                              August 2, 2021

|  |  |  |
|---|---|---|
| File #: | ButterfieldK |
| Inv #: | Sample |

**Attention:**

**RE:**    Maldonado Juarez et al v. Butterfield Catering Inc. et al

| DATE | DESCRIPTION | HOURS | AMOUNT | LAWYER |
|------|-------------|-------|--------|--------|
| Jan-04-20 | legal research 30b6 and review amended complaint | 0.20 | 70.00 | GN |
| Jun-12-20 | drafted the civil cover sheet, drafted summons for each defendant, Filed the complaint and requested issued summons for each individual defendant. | 0.90 | 90.00 | PL |
| Jun-15-20 | Filed  NOA for GN | 0.20 | 20.00 | PL |
| Jul-15-20 | discuss status w/ mf and pl | 0.10 | 35.00 | GN |
| Jul-23-20 | review ecf bounce | 0.10 | 35.00 | GN |
|  | emails with process server and Business Taxes (proof of service) | 0.10 | 12.50 | PL |
| Jul-24-20 | review ecf bounces | 0.10 | 35.00 | GN |
| Aug-04-20 | reviewed defendants' motion  to dismiss filed in court;  directed staff to update case chart ;  filed order in the proper folder for future reference | 0.30 | 135.00 | MF |
|  | discussed with Gn the grounds on which defendants are moving to dismiss our case and what we can do to overcome this motion | 0.20 | 90.00 | MF |

|  |  |  |  |  |
|---|---|---|---|---|
|  | review def mtd | 0.20 | 70.00 | GN |
|  | telephone call w/ mf re: def mtd | 0.10 | 35.00 | GN |
| Aug-06-20 | review intake, notes, review def mtd | 0.60 | 210.00 | GN |
|  | continue review ded mtd | 0.10 | 35.00 | GN |
|  | continue reading mtd, strategy | 0.40 | 140.00 | GN |
|  | telephone call w/ pl re: call client | 0.00 | 0.00 | GN |
|  | tried calling the client and he didn't answer | 0.10 | 12.50 | PL |
| Aug-07-20 | Reviewed Defendant's motion to compell; reviewed complaint; Discussed with assigned attorney regarding the motion to compell; Filed notice in the proper folder | 0.30 | 135.00 | MF |
|  | review ecf bounce | 0.10 | 35.00 | GN |
|  | review motion filed  today, report to mf | 0.30 | 105.00 | GN |
| Aug-17-20 | reviewed court notice of filing of motion to dismiss and providing date for response;  directed staff to update case chart | 0.30 | 37.50 | MF |
|  | reviewed documents filed by defendants in court backing  their motion to dismiss;  directed staff to update case chart | 1.40 | 630.00 | MF |
|  | review ecf bounces and email pl | 0.10 | 35.00 | GN |
|  | telephone call w/ cl re: follow up questions for mtd opp | 0.60 | 210.00 | GN |
|  | telephone call w/ JB re: strategy | 0.20 | 70.00 | GN |
|  | telephone call w/ pl to ask cl follow up questions re: interstate | 0.10 | 35.00 | GN |
|  | review ecf bounces | 0.10 | 35.00 | GN |
|  | research enterprise coverage cases | 0.60 | 210.00 | GN |
|  | reserach enterprise cov | 0.10 | 35.00 | GN |

|  |  |  |  |  |
|---|---|---|---|---|
|  | continue research enterprise coverage | 0.80 | 280.00 | GN |
|  | discvussesd case with GN | 0.10 | 12.50 | PL |
|  | spoke to and translated for GN and the  client | 0.60 | 75.00 | PL |
|  | discussed with GN re: call client back ask more quest. | 0.10 | 12.50 | PL |
|  | called client and asked him more quest re: what he used at work | 0.20 | 25.00 | PL |
| Aug-18-20 | continue legal research | 0.40 | 140.00 | GN |
|  | continue research enterprise coverage | 0.50 | 175.00 | GN |
|  | review def menus for intersate products | 0.50 | 175.00 | GN |
|  | research fruits and veggies from new york | 0.10 | 35.00 | GN |
|  | continue review of def menus | 0.10 | 35.00 | GN |
|  | review opposing counsel mol, telephone call w/ cl re: products used at work | 0.50 | 175.00 | GN |
|  | called the client he is available confirmed with GN chat in 15 min | 0.10 | 12.50 | PL |
|  | called and translated for GN and the client. | 0.30 | 37.50 | PL |
|  | translated a list of items to spanish and sent it to the client | 0.40 | 50.00 | PL |
| Aug-19-20 | discuss to do w/ pl | 0.10 | 35.00 | GN |
| Aug-20-20 | discussed case with GN | 0.10 | 12.50 | PL |
| Aug-21-20 | telephone call / pl re: f/u with cl | 0.10 | 35.00 | GN |
|  | left a message with the sister but she said Miguel was not home so I asked her to remind him to respond to the list of products | 0.10 | 12.50 | PL |
| Aug-24-20 | telephone call w/ pl re: to do | 0.10 | 35.00 | GN |

| | | | | |
|---|---|---|---|---|
| Aug-25-20 | updated GN that the client got back to us with a list | 0.10 | 12.50 | PL |
| Aug-26-20 | telephone call w/ gn re: strategy | 0.20 | 70.00 | CS |
| | telephone call w/ dt re: strategy | 0.20 | 70.00 | GN |
| | review pl responses to interstate items | 0.50 | 0.00 | GN |
| | translated itmes used by plaintiff to english and emailed it to GN | 0.40 | 50.00 | PL |
| | reviewed status and docket | 0.20 | 25.00 | PL |
| Aug-27-20 | edit item list, draft amended complaint | 1.80 | 630.00 | GN |
| | cotinue draft amended complaint, | 0.30 | 105.00 | GN |
| | telephone call w/ cl re: follow up info re: breaks and 20% | 0.10 | 35.00 | GN |
| | sent GN plaintiffs paystubs , and notified GN needs to do a letter | 0.30 | 37.50 | PL |
| Aug-28-20 | had 3 telephone conferences with the client and 2 with assigned attorney to flush out the facts of the case in response to the motion to dismiss; rewrote the complaint in response to oc's motion to dismiss;  sent complaint to assigned attorney and paralegal directing them to  add the amended complaint caption and file  it. | 3.70 | 1,665.00 | MF |
| | Reviewed changes GN made to the language of the ;  discussed changes with Gn and approved the changes | 0.20 | 90.00 | MF |
| | Reviewed amended complaint filed in court; directed staff to update case chart ;  filed notice in the proper folder for future reference | 0.30 | 135.00 | MF |
| | Reviewed motion to dismiss filed in court by defendants; directed staff to update case chart ;  filed notice in the proper folder for future reference | 0.30 | 135.00 | MF |
| | edit amended complaint, email to mf | 0.50 | 175.00 | GN |

| | | | | |
|---|---|---|---|---|
| | discuss amended complaint with mf | 0.10 | 35.00 | GN |
| | further discuss amended with mf and cl, email mf | 0.10 | 35.00 | GN |
| | reiview and edit mf amended complaint | 0.60 | 0.00 | GN |
| | file, edit, re-file ameded complaint (also telephone call with pl to ask court to remove first attempt) | 0.30 | 105.00 | GN |
| | email w/ pl re: incorrect filing | 0.10 | 0.00 | GN |
| | draft and file ltr to judge | 0.30 | 0.00 | GN |
| | review opposing counsel motion to compell, email collegues question re: mtd | 0.20 | 70.00 | GN |
| | called SDNY ecf, case openings re: amended complaint | 0.20 | 25.00 | PL |
| | forwarded plaintiffs paytubs to GN | 0.10 | 12.50 | PL |
| Aug-29-20 | Reviewed letter filed  by plaintiffs regarding prior ecf notice; directed staff to update case chart | 0.30 | 135.00 | MF |
| | email w/ co-workers re: deadline for mtd opp | 0.20 | 70.00 | GN |
| Aug-31-20 | reviewed court order outlining the corrections we need to make  to the filing of the amended complainttoconsider;  sent email to GN and BT directing them to make the corrections;  directed staff to update case chart | 0.30 | 135.00 | MF |
| Sep-01-20 | reviewed status | 0.10 | 12.50 | PL |
| Sep-02-20 | reviewed court order endorsing plaintiffs' letter clarifying that the amended complaint is the operative complaint;  directed staff to update case chart ;  filed order in the proper folder for future reference | 0.30 | 135.00 | MF |
| | review cases for template opp, start draft opp | 1.10 | 385.00 | GN |
| | edit mtd opp mol | 0.60 | 210.00 | GN |

| Sep-04-20 | continue edit opp mol | 1.10 | 385.00 | GN |
|---|---|---|---|---|
| Sep-08-20 | reviewed plaintiff's memo of law in response to defendants' motion to dismiss filed court;  directed staff to update case chart ;  filed order in the proper folder for future reference | 0.30 | 135.00 | MF |
| | review ecf bounce | 0.10 | 35.00 | GN |
| | edit, review, and edit mol opp | 3.70 | 1,295.00 | GN |
| Sep-16-20 | review motion to compell papers, damages claculations, return opposing counsel call | 0.20 | 70.00 | GN |
| Sep-17-20 | emailed GN re: complaint | 0.20 | 25.00 | PL |
| | discussed that GN will ask the court for permision | 0.10 | 12.50 | PL |
| Sep-18-20 | Call with Opp counsel, review case file and transfering to GK | 0.10 | 12.50 | PL |
| Sep-21-20 | telephone opposing counsel | 0.10 | 35.00 | GN |
| Sep-22-20 | reviewed court order requiring defendants to refile the motion to dismiss; directed staff to update case chart ;  filed notice in the proper folder for future reference | 0.30 | 135.00 | MF |
| | telephone call w/ opposing counsel re: docket and redline | 0.30 | 105.00 | GN |
| | review camparison | 0.00 | 0.00 | GN |
| | draft and send email to opposing counsel re: redline | 0.00 | 0.00 | GN |
| | review opposing counsel email | 0.10 | 35.00 | GN |
| | email opposing counsel re: his threats | 0.10 | 35.00 | GN |
| | email w/ opposing counsel re: a call and his threats | 0.10 | 35.00 | GN |
| | felipe reached out to explain which docs were compared | 0.10 | 12.50 | PL |

| | | | | |
|---|---|---|---|---|
| Sep-23-20 | reviewed defendants' memo of law in response to plaintiffs' response to their motion to dismiss; discussed the memo of law with GN and agreed it has no grounds; directed staff to update case chart ; filed order in the proper folder for future reference | 0.40 | 180.00 | MF |
| | review opposing counsel reply several times, telephone call w/ mf in regards, legal research timing of reply memo. | 0.80 | 280.00 | GN |
| Sep-24-20 | discuss strategy with JB | 0.10 | 35.00 | GN |
| Sep-25-20 | research rules for opp and reply deadlines | 0.80 | 280.00 | GN |
| | continue research rules for opp and reply deadlines | 0.40 | 140.00 | GN |
| | continue research, draft ltr, strategy | 0.50 | 175.00 | GN |
| | discuss motion to compell and strategy with dt | 0.20 | 70.00 | GN |
| | edit and review and file motion to strike | 0.20 | 70.00 | GN |
| | edit and draft amended motion to strike and seek sanctions | 1.40 | 490.00 | GN |
| | re-read amended motion to compell and text w/ dt re: strategy | 0.20 | 70.00 | GN |
| Nov-16-20 | review ecf bounce for initial conference | 0.10 | 35.00 | GN |
| | calendared the notice of initial pretrial conference (DKT 39) , emailed GN | 0.20 | 25.00 | PL |
| Nov-18-20 | review initial conference order, fill in proposed scheduling order, email to opposing counsel | 0.30 | 105.00 | GN |
| | email w/ opposing counsel re: scheduling order | 0.10 | 35.00 | GN |
| | edit scheduling proposed order | 0.30 | 105.00 | GN |
| Nov-24-20 | review Judges Order | 0.30 | 105.00 | GN |
| | he moved to Florida, translated for GN and plaintiffs sister | 0.30 | 37.50 | PL |

| Date | Description | Hours | Amount | Staff |
|---|---|---|---|---|
| Nov-30-20 | email w/ pl re: finding cl | 0.10 | 35.00 | GN |
| | calendared staus conference and amending complaint with reminders , and emailed GN | 0.50 | 62.50 | PL |
| Dec-01-20 | talked to Nancy , she found the client, translated for GN and Plaintiff, client sent us images of the checks through whats app, saved them In the case file | 0.40 | 50.00 | PL |
| Dec-02-20 | review/edit | 0.40 | 140.00 | GN |
| | email w/ opposing counsel re: discovery and sett | 0.10 | 35.00 | GN |
| | continue emailing w/ opposing counsel re: discovery | 0.10 | 35.00 | GN |
| | drafted doc requests demands | 0.20 | 25.00 | PL |
| | continued to  work on doc demands and drfated notice of depo for the corp. email them to GN, and signed certificate of service, prepared printing label and prepared envelope to send out | 1.00 | 125.00 | PL |
| | emailed defense counsel, doc requests, notice of depo and certificate of service | 0.30 | 37.50 | PL |
| Dec-07-20 | reviewed plaintiffs' motion to compel  defendants to respond to discovery requests and appear for depositon; directed staff to update case chart ;  filed order in the proper folder for future reference | 0.30 | 135.00 | MF |
| | reviewed letter filed by defendants responding to plaintiffs motion to compel discovery responses; directed staff to update case chart ;  filed notice in the proper folder for future reference | 0.30 | 135.00 | MF |
| | reviewed court order directingdefendants to respond to plaintiffs' motion to compel; directed staff to update case chart ;  filed notice in the proper folder for future reference | 0.30 | 135.00 | MF |
| | draft ltr motion to compell discovery | 1.00 | 0.00 | GN |
| Dec-14-20 | reviewed email sent by oc requesting that | 0.20 | 90.00 | MF |

| | | | | |
|---|---|---|---|---|
| | I respond to his request; discussed with  GN what oc wants and requested he handle it | | | |
| | reviewed court notice of appearance of plaintiff's counsel ;  directed staff to update case chart ;  filed order in the proper folder for future reference | 0.30 | 135.00 | MF |
| | reviewed letter filed by defendants responding to plaintiffs motion to compel appearance  for deposition;  directed staff to update case chart ;  filed notice in the proper folder for future reference | 0.30 | 135.00 | MF |
| | reviewed court order denying plaintiffs motion to compel  without prejudice and requiring  parties to meet and resolve the discovery  issues;  directed staff to update case chart ;  filed order in the proper folder for future reference | 0.30 | 135.00 | MF |
| | telephone call w/ mf re: opposing counsel email | 0.10 | 35.00 | GN |
| | reply to opposing counsel email re: supposid dispute | 0.10 | 35.00 | GN |
| | email w/ opposing counsel re: his objections to the 30b6 notice | 0.10 | 35.00 | GN |
| | draft and compile motion to compell witness | 1.50 | 525.00 | GN |
| | discussed case with GN, saved the interrogatories from the email to the case file, prepared document to record plaintiffs answers. But plaintiff did not answer, messaged him on whats app asking him when can we call him. Updated GN | 0.40 | 50.00 | PL |
| Dec-15-20 | reviewed motion for reconsideration of the denial of the prior motion to compel; directed staff to update case chart ;  filed order in the proper folder for future reference | 0.30 | 135.00 | MF |
| | reviewed answer to  amended complaint;  directed staff to  respond to motion and update case chart ;  filed notice  in the proper folder for future reference | 0.30 | 135.00 | MF |
| | reviewed defendants' response to plaintiffs' | 0.30 | 135.00 | MF |

| Date | Description | Hours | Amount | Staff |
|---|---|---|---|---|
| | motion for reconsideration; directed staff to update case chart ; filed notice in the proper folder for future reference | | | |
| | reviewed court order denying plaintiff's motion for reconsideration of the denial of the prior motion to compel; directed staff to update case chart ; filed order in the proper folder for future reference | 0.30 | 135.00 | MF |
| | draft, review, and edit motion to compell for reconsideration | 0.80 | 280.00 | GN |
| | email w/ opposing counsel re: scheduling | 0.10 | 35.00 | GN |
| | saved the defendants answer of complaint in case file | 0.10 | 12.50 | PL |
| Dec-27-20 | email opposing counsel re: scheduling call and respnse to his threats of rule 11 ltr | 0.20 | 70.00 | GN |
| | draft ltr motion to compel, sanctions, and extension of time | 0.30 | 105.00 | GN |
| Dec-29-20 | email opposing counsel re:schedule meet and confer | 0.10 | 35.00 | GN |
| | review opposing counsel rule 11 ltr, email w/ opposing counsel re: rule 11 ltr | 0.10 | 35.00 | GN |
| | further review rule 11 ltr and draft response | 0.50 | 175.00 | GN |
| | meet and confer with opposing counsel re: discovery | 0.00 | 0.00 | GN |
| Dec-30-20 | review 26a and tet w/ pl in regards | 0.10 | 35.00 | GN |
| | butterfield call veritext,to make a ·DEPOSITION at 10 AM no interpreter , emailed veritext to GN | 0.30 | 37.50 | PL |
| Jan-04-21 | called veritext and changed the time to 11 AM and emailed GN the confirmation link for new time | 0.20 | 25.00 | PL |
| Jan-07-21 | review def produced docs | 0.20 | 70.00 | GN |
| | tried calling plaintiff with GN but client didn't answer, texted client | 0.10 | 12.50 | PL |

| | | | | |
|---|---|---|---|---|
| Jan-08-21 | telephone call w/re: def docs | 0.10 | 35.00 | GN |
| | further review of def docs | 0.50 | 175.00 | GN |
| | translated for GN and Plaintiff | 0.20 | 25.00 | PL |
| Jan-11-21 | drat responses to def doc requests | 2.40 | 840.00 | GN |
| | draft rog responses | 1.50 | 525.00 | GN |
| | review and edit doc responses | 0.70 | 245.00 | GN |
| | review and edit rog responses | 0.30 | 105.00 | GN |
| | saved the docs and videos the client sent in whats app to the case file | 0.20 | 25.00 | PL |
| | reviewed GNs email and emailed beack re: plaintifs video | 0.10 | 12.50 | PL |
| Jan-13-21 | review and reply to opposing counsel email re: discovery | 0.10 | 35.00 | GN |
| Jan-14-21 | edit and review and email response to opposing counsel rule 11 ltr | 0.20 | 70.00 | GN |
| Jan-15-21 | prepared label and mailed out Exhibit A and B | 0.50 | 62.50 | PL |
| Jan-18-21 | email opposing counsel re: meet and confer | 0.10 | 35.00 | GN |
| Jan-29-21 | email w/ opposing counsel re: scheduling | 0.10 | 35.00 | GN |
| | email w/ opposing counsel re: discovery again | 0.10 | 35.00 | GN |
| Feb-01-21 | email opposing counsel re: him drafting a letter | 0.10 | 35.00 | GN |
| Feb-02-21 | review opposing counsel letter to court and judges indivdual rules | 0.10 | 35.00 | GN |
| | tried calling client but he did not answer, messaged client on whats app | 0.10 | 12.50 | PL |
| Feb-03-21 | draft ltr relpy to opposing counsel ltr seeking guidance from judge | 1.00 | 350.00 | GN |

|            |                                                                                                                                                                                          |      |        |    |
|------------|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|------|--------|----|
|            | review and edit ltr reply                                                                                                                                                                 | 0.30 | 105.00 | GN |
|            | messaged plaintiff asking him when can we call him back again to read the rogs to him                                                                                                     | 0.10 | 12.50  | PL |
|            | tried calling plaintiff but he did not pick up                                                                                                                                            | 0.10 | 12.50  | PL |
| Feb-04-21  | Reviewed plaintiffs' letter in response to defendants' letter about discovery issues;  directed staff to update case chart ;  filed order in the proper folder for future reference       | 0.30 | 135.00 | MF |
|            | Reviewed court order setting date for conference to discuss the discovery dispute in the letters and requiring the parties to resolve the dispute amongst themselves prior to the conference;  directed staff to update case chart ;  filed notice in the proper folder for future reference | 0.30 | 135.00 | MF |
|            | Reviewed email sent by oc outlining what he needs in discovery responses and depositions in order to resolve discovery issues; directed staff to update case chart ;  filed notice in the proper folder for future reference | 0.20 | 90.00  | MF |
| Feb-05-21  | calendared conference                                                                                                                                                                    | 0.20 | 25.00  | PL |
| Feb-09-21  | had telephone conference with GN and discussed the issues we need to resolve with oc;  contacted oc and requested he call us so that we  can discuss the discovery issues in the case      | 0.20 | 90.00  | MF |
|            | meet and confer, notes, and email opposing counsel in regards                                                                                                                            | 0.40 | 140.00 | GN |
|            | checked if the docs were mailed and they were delivered , told GN                                                                                                                        | 0.10 | 12.50  | PL |
| Feb-10-21  | review and edit cover ltr to defense                                                                                                                                                     | 0.10 | 35.00  | GN |
|            | court conference re: discovery issues                                                                                                                                                    | 0.00 | 0.00   | GN |
|            | printed out redatced exhibits, prepared mailing Label and sent to GN to review                                                                                                           | 0.60 | 75.00  | PL |
|            | tried calling the clietn on whats app multiple                                                                                                                                           | 0.40 | 50.00  | PL |

| | | | | |
|---|---|---|---|---|
| | times no answer, also sent him a message on whats app to call us back asap | | | |
| Feb-11-21 | reviewed court order requiring  parties to filemotions to compel discovery by a specific date, and plaintiffs to offer 5 dates for deposition of clients by a specific  date; directed staff to update case chart | 0.30 | 135.00 | MF |
| | read / translated to the plaintiff the Ps Rogs Responses, chcked GNs calendar to check when he is free for a depo | 0.80 | 100.00 | PL |
| Feb-12-21 | reviewed the verfication that GN sent me | 0.10 | 12.50 | PL |
| | drafted new verification emailed to GN to review | 0.10 | 12.50 | PL |
| Feb-15-21 | emailed GN back re: clients depo, messaged client on whats app, notifying him of his depo on 2/2/4 at 10 AM | 0.20 | 25.00 | PL |
| | tried calling plaintiff to ask when can we prepare him for depo bu he did not pickup | 0.10 | 12.50 | PL |
| Feb-19-21 | called client he did not pick up, left him a message on whats app | 0.20 | 25.00 | PL |
| Feb-22-21 | legal research immigration status and tax return discovery | 0.40 | 140.00 | GN |
| | legal research compel rog rsponses | 0.70 | 245.00 | GN |
| | explained to GN, that client cant do depo prep this afternoon | 0.10 | 12.50 | PL |
| | messaged client on whats app, that we can postpone depo prep to tomorrow at 5 PM | 0.10 | 12.50 | PL |
| Feb-23-21 | reviewed letter filed by defendants' counsel  with respect to discovery issues; directed staff to update case chart | 0.30 | 135.00 | MF |
| | deposition of plaintiff | 0.30 | 105.00 | GN |
| | DEPOSITION preparation | 0.50 | 62.50 | PL |
| Feb-24-21 | reviewed plaintiffs' motion  to compel  defedants to answer interrogatories  filed in court; directed staff to update case chart | 0.30 | 135.00 | MF |

|  |  |  |  |  |
|---|---|---|---|---|
|  | answered GNs email re: amend complaint / transcript | 0.20 | 25.00 | PL |
| Feb-26-21 | reviewed letter filed by plaintiffs in response to defendants' letter responding to plaintiffs' motion; directed staff to  update case chart | 0.30 | 135.00 | MF |
|  | reviewed court order denying plaintiffs' motion to compel answer to interrogatories ; directed staff to update case chart | 0.30 | 135.00 | MF |
|  | draft, review, and edit ltr reply to Defendants letter filed 2/23/21 asking the court for help | 1.80 | 630.00 | GN |
| Mar-02-21 | called miguel to ask him GNs questions , emailed GN back | 0.20 | 25.00 | PL |
| Mar-03-21 | reviewed letter filed by plaintiffs in response to defendants prior letter to the judge'; directed staff to update case chart | 0.30 | 135.00 | MF |
|  | called veritext to request the transcript | 0.10 | 12.50 | PL |
| Mar-11-21 | reviewed plaintiffs' motion for protective order ; directed staff to update case chart | 0.30 | 135.00 | MF |
|  | discussed with GN re: get in contact with client | 0.20 | 25.00 | PL |
|  | called plaintiff to ask him GNs follow up question, and confirmed with plainitff he is availabe for depo on 3/17 | 0.20 | 25.00 | PL |
| Mar-15-21 | reviewed LETTER RESPONSE in Opposition to Motionfor protective order filed in court; directed staff to update case chart | 0.30 | 135.00 | MF |
|  | reached out to client and as per GNs question asked Plaintiff when is he availble for a depo, and client said he is avaible for 3/23 | 0.10 | 12.50 | PL |
| Mar-18-21 | translated for GN and Plaintiff , took notes, emailed GN | 0.10 | 12.50 | PL |
| Mar-22-21 | reviewed court notice of the errors in the motion for protective order; directed staff to update case chart | 0.30 | 135.00 | MF |
| Mar-23-21 | reviewed letter filed by plaintiffs  requesting extension of time to complete discovery;  directed staff to update case chart | 0.30 | 135.00 | MF |

|  |  |  |  |  |
|---|---|---|---|---|
|  | assited client to access the deposition, asked veritext to send link so it would be easier for plaintiff to acess deposition | 0.90 | 112.50 | PL |
|  | called plaintiff with GN adn translated for GN and discussed depo with Plaintiff | 0.10 | 12.50 | PL |
| Mar-24-21 | reviewed court order denying plaintiffs motion for protective order and requiring  defendants to find tax returns  through a different source andexplain its relevance as well as denying plaintiffs' motion for an extension of discovery  but allowing depositions to occuruntil the end of discovery; directed staff to  update case chart | 0.30 | 135.00 | MF |
|  | reviewed court ordersetting new dates for depositions; directed staff to  update case chart | 0.30 | 135.00 | MF |
| Mar-25-21 | calendared judges bounce and emailed GN | 0.10 | 12.50 | PL |
| Mar-30-21 | reviewed letter filed by defendants responding to the  judge's order about their request for plaintiffs' tax returns | 0.30 | 135.00 | MF |
|  | reviewed letter filed by plaintiffs  in response to defendants prior letter; directed staff to  update case chart | 0.30 | 135.00 | MF |
|  | draft reply lt to def letter filed  today again asking for taxes | 0.20 | 70.00 | GN |
|  | review def produced records and complaint | 0.30 | 105.00 | GN |
| May-17-21 | tried calling the client but he didn't pick up | 0.20 | 25.00 | PL |
|  | tried calling the client with GN but he didn't pick. Messaged the clietn on whats app to call us back ASAP | 0.10 | 12.50 | PL |
| May-18-21 | translated for GN and client | 0.20 | 25.00 | PL |
| May-24-21 | tried calling plaintiff but he did not pick up, messaged client to call us back ASAP | 0.10 | 12.50 | PL |
| May-26-21 | spoke to GN, texted Client through whats app to call us ASAP | 0.20 | 25.00 | PL |
| Jun-04-21 | reviewed court notices of | 0.40 | 180.00 | MF |

| | | | | |
|---|---|---|---|---|
| | appearance of defendants' counsel s;  directed staff to update case chart | | | |
| Jun-16-21 | reviewed letter filed by plaintiffs  requesting adjournment of conference ;  directed staff to update case chart ; | 0.30 | 135.00 | MF |
| Jun-21-21 | reviewed court order granting  plaintiffs  request for adjournment of conference  and directing parties to file the Cheeks documents ;  directed staff to update case chart | 0.30 | 135.00 | MF |
| Jun-22-21 | calendared Memo Order Dkt 73, with reminders and tried calling the Plaintiff to notify him that he needs to be present by phone for the settlement approval hearing, but he did not pick up. I sent him a message on whats app, so hopefully he will read it ASAP | 0.50 | 62.50 | PL |
| Jun-28-21 | reviewed court notice of appearance of plaintiff's counsel ;  directed staff to update case chart | 0.30 | 135.00 | MF |
| Jun-29-21 | emailed defense counsel re: settlement agreement | 0.10 | 37.50 | KH |
| Jul-21-21 | letter to court re: extension | 1.00 | 375.00 | KH |
| Jul-22-21 | calendared bounce | 0.10 | 12.50 | PL |
| Jul-28-21 | revised settlement agreement | 1.00 | 375.00 | KH |
| | emailed PL re: have client review agreement | 0.10 | 37.50 | KH |
| Jul-30-21 | discussed case with KH, client is only available on Tuesdays and KH is okay with client signing on the 3rd of august | 0.10 | 12.50 | PL |
| Aug-02-21 | drafted fairness letter | 1.00 | 375.00 | KH |
| | emailed defense counsel fairness letter | 0.10 | 37.50 | KH |
| Aug-03-21 | translated settlement agreement to client and sent it to him over whats app so he can sign it virtually | 0.80 | 100.00 | PL |
| | Totals | 84.10 | $26,215.00 | |

**DISBURSEMENTS**

| | | |
|---|---|---:|
| Jun-12-20 | Filing Fee | 400.00 |
| Jul-17-20 | Process Server : Butterfield Inc | 76.00 |
| | Process Server: Diego Doe | 79.20 |
| | Process Server: Joel Doe | 79.50 |
| | Process Server: Evan Scott | 79.50 |
| | Process Server: Chris Doe | 79.50 |
| Jan-05-21 | Transcript Original with 1 Certified Transcript-<br>Attendance-Veritext Virtual Primary Participants-<br>Litigation Package-Secure File Suite | 506.34 |

| | | |
|---|---|---:|
| | Totals | $1,300.04 |

**Total Fee & Disbursements**       **$27,515.04**

**Balance Now Due**       **$27,515.04**